UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DALLAS BUYERS CLUB LLC,**

    Plaintiff,

    v.                                Case No. 14-C-360

**DOES 1-26,**

    Defendants.

---

## DECISION AND ORDER

This copyright infringement action arises out of the alleged unauthorized acquisition and transfer of the copyrighted motion picture "The Dallas Buyers Club" by the 26 unidentified Doe defendants whose assigned IP addresses are listed in Exhibit B to the Complaint. Presently before the Court is Plaintiff Dallas Buyers Club LLC's ("DBC") motion requesting that the Court permit it to serve third party subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure prior to the Rule 26(f) conference. (ECF No. 5.) The motion is accompanied by a supporting brief and exhibits, including the declaration of Daniel Macek ("Macek"), a consultant for Crystal Bay Corporation which has furnished forensic consulting services to DBC and other copyright owners, and a proposed order. (ECF Nos. 6, 6-1 through 6-4.)

DBC wants to use the third party subpoenas for limited discovery to obtain the names and addresses of the 26 Doe defendants from third-party internet service providers ("ISP") to which the Doe defendants subscribe and from which they obtain internet access. DBC states that the ISPs are the only entities that can identify the otherwise

anonymous defendants.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "A court has wide discretion in managing the discovery process." *Ibarra v. City of Chicago,* 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (citing *Merrill Lynch v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). Although different standards exist for the evaluation of expedited discovery requests, district courts within this Circuit generally evaluate "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* at 554 (quoting *Merrill Lynch,* 194 F.R.D. at 624). This amounts to a requirement that the movant show good cause for the request. *Sheridan v. Oak St. Mortg.,* LLC, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

This action cannot move forward unless the true identities of the Doe defendants are ascertained. The facts set forth in the Macek declaration establish that there is no alternative means to obtain the true identities of the Doe defendants. Thus, the Court concludes that DBC has demonstrated good cause to conduct limited discovery directed at determining the identities of the 26 Doe defendants.

DBC's proposed order includes a provision that would bar the ISPs from requiring DBC from having to pay any fee up-front. However, DBC cites no authority for the imposition of such a prohibition. Therefore, the provision is excluded from the Order.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

DBC's motion for leave to serve third party subpoenas prior to the Rule 26(f) conference (ECF No. 5) is **GRANTED**;

DBC may serve the ISPs with a Rule 45 subpoena commanding the ISP to provide DBC with the true name and address of the Doe defendant to whom the ISP assigned an IP address as set forth on Exhibit B to the Complaint. DBC must attach a copy of this Decision and Order any such subpoenas;

DBC may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants;

If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), the ISP must send a copy of this Decision and Order to the Defendant in compliance with 47 U.S.C. § 551(c)(2)(B); and,

DBC may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing DBC's rights as set forth in its Complaint.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2014.

> BY THE COURT:
>
> _____
> HON. RUDOLPH T. RANDA
> U.S. District Judge