May 27, 2014

125 S Jefferson St., Rm 102
Green Bay, WI 54301
Wied_clerks_gb@wied.uscourts.gov

RE:  Civil Action No. 14-cv-00360
     **Dallas Buyers Club, LLC v. DOES 1-26**

To Whom It May Concern:

This letter is to formally object the subpoena for information in the court case "Dallas Buyers Club, LLC v. Does 1-26, Court Case No. 14-cv-00360.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| Dallas Buyers Club, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 14-cv-00360 |
| DOES 1-26 | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Charter Communications, Inc.
C/O CSC-LAWYERS INCORPORATING SERVICE COMPANY
8040 EXCELSIOR DRIVE. SUITE 400. MADISON . WI 53717

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
Per the attached Order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in cost-effective format if you inform us of your preferred format.

| Place: Keith A. Vogt/ Takiguchi & Vogt, LLP<br>1415 W 22nd Street, Tower Floor<br>Oak Brook, IL 60523 | Date and Time:<br><br>May 26, 2014 10:00 a.m |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __April 23, 2014__

*CLERK OF COURT*
                                                OR
_____          __S/KEITH VOGT_____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Plaintiff_____
_____, who issues or requests this subpoena, are:

Keith Vogt/Takiguchi & Vogt/1415 W 22nd Street, Tower Floor/Oak Brook, IL 60523/(630) 974-5707
kvogt@TakiguchiandVogt.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALLAS BUYERS CLUB LLC,

   Plaintiff,

  v.            Case No. 14-C-360

DOES 1-26,

   Defendants.

# DECISION AND ORDER

This copyright infringement action arises out of the alleged unauthorized acquisition and transfer of the copyrighted motion picture "The Dallas Buyers Club" by the 26 unidentified Doe defendants whose assigned IP addresses are listed in Exhibit B to the Complaint. Presently before the Court is Plaintiff Dallas Buyers Club LLC's ("DBC") motion requesting that the Court permit it to serve third party subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure prior to the Rule 26(f) conference. (ECF No. 5.) The motion is accompanied by a supporting brief and exhibits, including the declaration of Daniel Macek ("Macek"), a consultant for Crystal Bay Corporation which has furnished forensic consulting services to DBC and other copyright owners, and a proposed order. (ECF Nos. 6, 6-1 through 6-4.)

DBC wants to use the third party subpoenas for limited discovery to obtain the names and addresses of the 26 Doe defendants from third-party internet service providers ("ISP") to which the Doe defendants subscribe and from which they obtain internet access. DBC states that the ISPs are the only entities that can identify the otherwise

anonymous defendants.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "A court has wide discretion in managing the discovery process." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (citing *Merrill Lynch v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). Although different standards exist for the evaluation of expedited discovery requests, district courts within this Circuit generally evaluate "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* at 554 (quoting *Merrill Lynch*, 194 F.R.D. at 624). This amounts to a requirement that the movant show good cause for the request. *Sheridan v. Oak St. Mortg.*, LLC, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

This action cannot move forward unless the true identities of the Doe defendants are ascertained. The facts set forth in the Macek declaration establish that there is no alternative means to obtain the true identities of the Doe defendants. Thus, the Court concludes that DBC has demonstrated good cause to conduct limited discovery directed at determining the identities of the 26 Doe defendants.

DBC's proposed order includes a provision that would bar the ISPs from requiring DBC from having to pay any fee up-front. However, DBC cites no authority for the imposition of such a prohibition. Therefore, the provision is excluded from the Order.

- 2 -

Case 2:14-cv-00360-RTR   Filed 05/29/14   Page 4 of 12   Document 9
Case 2:14-cv-00360-RTR   Filed 04/22/14   Page 2 of 3   Document 7

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

DBC's motion for leave to serve third party subpoenas prior to the Rule 26(f) conference (ECF No. 5) is **GRANTED**;

DBC may serve the ISPs with a Rule 45 subpoena commanding the ISP to provide DBC with the true name and address of the Doe defendant to whom the ISP assigned an IP address as set forth on Exhibit B to the Complaint. DBC must attach a copy of this Decision and Order any such subpoenas;

DBC may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants;

If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), the ISP must send a copy of this Decision and Order to the Defendant in compliance with 47 U.S.C. § 551(c)(2)(B); and,

DBC may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing DBC's rights as set forth in its Complaint.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2014.

BY THE COURT:

*[signature]*

HON. RUDOLPH T. RANDA
U.S. District Judge

- 3 -

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Dallas Buyers Club, LLC, | ) |
| | ) |
| | ) Case No.: 2:14-cv-360 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOES 1- 26, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Dallas Buyers Club, LLC, by and through its undersigned counsel, for and as its Complaint against Defendants, alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Laws of the United States (17 U.S.C. §101 et seq.). As set forth in greater detail below, this action involves the unauthorized acquisition and transfer of the copyrighted motion picture the *"The Dallas Buyers Club"* by Defendants that has received widespread critical acclaim (hereinafter the "MOVIE"). The MOVIE won three Academy Awards and was nominated for six. It also won numerous other awards including two Golden Globes. Two of its stars, Matthew McConaughey and Jared Leto, won Oscars for their performances in the MOVIE.

2. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. The manner of the transfer and copying of the MOVIE is accomplished by using a network called a "BitTorrent protocol" or "torrent," which is different than the standard Peer-to-

Peer ("P2P") protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers for copying large files such as movies. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") and the network connect to the seed file to download a movie. As additional peers request the same file, each additional user knowingly becomes a part of the network from which the file can be downloaded. Each new file downloader receives a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network intentionally also becomes a source of download for that infringing file.

4.  This distributed and cooperative nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is cooperatively working together in the unauthorized distribution of the copyrighted material over the Internet.

5.  On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, within this District, reproduced, distributed and offered to distribute among other Defendants over the Internet the copyrighted MOVIE for which Plaintiff has exclusive rights.

2

Case 2:14-cv-00360-RTR   Filed 05/29/14   Page 7 of 12   Document 9
Case 2:14-cv-00360-RTR   Filed 03/29/14   Page 2 of 7   Document 1

6. Geolocation technology was used to trace the Internet Protocol ("IP") addresses of each Defendant to a point of origin within this District. On information and belief, each Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

7. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, Defendants reside in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted MOVIE. Defendants' infringements allow them and others to unlawfully obtain and distribute an unauthorized copy of the MOVIE for free. Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted MOVIE to others over the Internet, each person who copies the MOVIE then distributes the unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this infringement of its exclusive rights.

9. Plaintiff is the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in the MOVIE that has been unlawfully distributed over the Internet by Defendants.

10. The true names of Defendants are unknown to Plaintiff at this time. Plaintiff only knows each Defendant by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider and the date and the time at which the infringing activity of each

3

Defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and will permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COUNT I
## COPYRIGHT INFRINGEMENT

11. The MOVIE has significant value and has been produced and created at considerable expense.

12. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted MOVIE, including derivative works. The copyrighted MOVIE is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. (Exhibit A)

13. The copyrighted MOVIE includes a copyright notice advising the viewer that the motion picture is protected by the Copyright Laws.

14. Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted MOVIE. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of each Defendant was observed. (Exhibit B) Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

4

15. On information and belief, each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's copyrighted MOVIE in digital form with other Defendants. In particular, on information and belief, Defendants participated in a collective, cooperative and interdependent manner with other Defendants via the Internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm.

16. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

17. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

18. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all unauthorized copies of the copyrighted MOVIE.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against each Defendant and relief as follows:

A. For entry of permanent injunctions providing that each Defendant shall be enjoined

5

from directly or indirectly infringing Plaintiff's rights in the copyrighted MOVIE, including without limitation by using the Internet to reproduce or copy Plaintiff's MOVIE, to distribute Plaintiff's MOVIE, or to make Plaintiff's MOVIE available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of Plaintiff's MOVIE that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded MOVIE transferred onto any physical medium or device in each Defendant's possession, custody or control.

B. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

C. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial.

D. For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's MOVIE which are in Defendants' possession or under their control.

E. For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

F. For Judgment in favor of Plaintiff against Defendants, awarding Plaintiff such

further declaratory and injunctive relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: March 29, 2014

Respectfully submitted,

Dallas Buyers Club, LLC

By: s/ Keith A. Vogt
Keith A. Vogt (Bar No. 6207971)
Takiguchi & Vogt, LLP
1415 West 22nd Street, Tower Floor
Oakbrook, IL 60523
(630) 974-5707
KVogt@takiguchiandvogt.com
Attorney for Plaintiff