# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DALLAS BUYERS CLUB LLC,**

    Plaintiff,

    v.                                                      Case No. 14-C-360

**DOES 1-8, 10, 12, 14-22, and 24-25,**

    Defendants.

## DECISION AND ORDER

Two unsigned pro se objections from unidentified sources to third-party subpoenas were filed in this action. These objections were filed in response to Plaintiff Dallas Buyers Club LLC's ("DBC") third-party subpoenas on the Internet service providers ("ISP") of the Doe Defendants 1-26 pursuant to Rule 45 of the Federal Rules of Civil Procedure. DBC, which seeks redress for the unauthorized acquisition and transfer of the copyrighted motion picture "The Dallas Buyers Club," opposes the objections. (ECF No. 12.) The objections are addressed herein.

One objection, handwritten, states "I object. [D]id not do. Someone else used my Internet." (ECF No. 8.) From its content, the Court infers that the objection was filed by an unidentified Doe defendant.

The other objection, typewritten, states "[t]his letter is to formally object to the subpoena for information." (ECF No. 9.) The source of the objection is not obvious from its content. The filer is advised that only natural persons may appear pro se. *See* Gen.

L.R. 83 (b) & (e) (E.D. Wis.)

Subsequently, DBC filed notices of voluntary dismissal of Doe defendants 8, 9, 11, 13, 22, 23 and 26. (ECF Nos. 13-19.)

The objections are flawed in several respects. To the extent that they are motions to quash under Rule 45, they fail to comply with Fed. R. Civ. P. 11(a), which requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented." The paper must also include the signer's address, email address, and telephone number. The rule directs the Court to strike an unsigned paper unless the omission is promptly cured. Both objectors have failed to provide the signature and other identifying information required by Rule 11(a).

In addition, with respect to the objection from the unidentified Doe defendant, district courts in this judicial circuit have disagreed over whether an anonymous defendant accused of copyright infringement has standing to object to a subpoena issued to his ISP. *See Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 WL 870628, at *5 (N.D. Ill. Mar. 7, 2013) (comparing cases). In this action, the problem is exacerbated because the objecting Doe defendant may be one of the seven Doe defendants who DBC voluntarily dismissed from the action on July 22, 2014.

And, even if the Doe defendant were found to have standing, the objection would not provide a basis for quashing the subpoena. *See Malibu Media, LLC v. Doe*, 13-C-536, 2013 WL 5276081, at *1 (E.D. Wis. Sept. 17, 2013). Even if the subscriber is not the alleged infringer, that person may lead to the alleged infringer. Without connecting the IP

- 2 -

address to a person, DBC would have no way of prosecuting infringement of its claimed copyright. Courts have declined to prohibit discovery because the subscriber may not be the individual who the plaintiff copyright holder actually wants to find. *See id.; Zambezia Film Pty, Ltd. v. Does 1-65*, 13 C 1321, 2013 WL 4600385, at * 3 (N.D. Ill. Aug. 29, 2013); *Malibu Media, LLC v. John Does 1-49*, No. 12 C 6676, 2013 WL 4501443, at *2 (N.D. Ill. Aug. 22, 2013); *reFX Audio Software, Inc. v. Does 1-111*, No. 13 C 1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013) ("Even if the customer associated with the IP address is not necessarily the person who illegally download plaintiff's software, the customer's name is the first step in identifying the proper defendant.") The other summary objection articulates no basis for standing and/or for relief. Based on the foregoing, unsigned objections are stricken.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The unidentified objections to the third-party subpoenas (ECF Nos. 8, 9) are **STRICKEN.**

Dated at Milwaukee, Wisconsin, this 28th day of July, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**